# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Courtney Bernard Clark,

        Plaintiff,

v.

Commissioner Tom Roy, Officer Nate Drevlow, Dr. Lisa Staber, Dr. Steven Klapmeier, and Dr. James Wischer,[1]

        Defendants.

**ORDER ON REPORT AND RECOMMENDATION**
Civil No. 13-2849 (MJD/HB)

    The above-entitled matter came before the Court upon the Report and Recommendation of the United States Magistrate Judge Hildy Bowbeer dated November 10, 2014. [Docket No. 70]  Plaintiff filed objections to the Report and Recommendation. [Docket No. 75]  Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).

    Based on that review, the Court adopts the Report and Recommendation of United States Magistrate Judge Bowbeer, with the exception of Section III.A.2's

---

[1] Plaintiff misspelled Dr. James Wichser's name as "Wischer."  Henceforth, the Court will use the correct spelling of Dr. Wichser's name.

conclusion that Plaintiff failed to allege claims against Defendants Roy and Drevlow in their individual capacities.

Litigants under Section 1983 seeking to sue defendants in an individual capacity must indicate their intention to do so in the complaint, to "guarantee[] that the defendant receives prompt notice of his or her potential personal liability." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Because Plaintiff is a pro se litigant, the Court must construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that pro se pleadings, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers"); In re Cook, 928 F.2d 262, 263 (8th Cir. 1991). While the Amended Complaint does not indicate whether Plaintiff is suing Defendants in an individual or official capacity, Plaintiff filed as an exhibit to the original Complaint [Docket No. 1] a "Request for Relief" which, after articulating the relief sought by Plaintiff, states: "8. All in there [sic] individual capacity." [Docket No. 1-2] This express statement provides unambiguous notice that Plaintiff intended to sue Defendants in their individual capacities. After the Magistrate Judge ordered Plaintiff to amend the Complaint to identify the alleged violation of Plaintiff's constitutional rights [Docket No. 29], Plaintiff filed the Amended Complaint, but failed to re-allege that the Defendants were being sued

2

in their individual capacities. Despite this technical omission, however, Defendants were on sufficient notice from the Complaint that Plaintiff's claims were against the Defendants in their individual capacities. Construing Plaintiff's pleadings liberally, the Court holds that Plaintiff adequately alleged claims against Defendants Roy and Drevlow in their individual capacities.

While the Court finds that Defendants Roy and Drevlow were sued in their individual capacities, it is still compelled to grant their motion for judgment on the pleadings and dismiss the claims against them. The Amended Complaint is devoid of allegations that Defendants Roy or Drevlow deprived Plaintiff of any federal constitutional right or has any federal cause of action that would allow him to proceed against these Defendants. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") (citations omitted). To the extent Plaintiff asserts a claim under the Eighth or Fourteenth Amendment, the Amended Complaint alleges at best a claim for negligence, and not the required "deliberate indifference" or intentional conduct contemplated by those claims. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to

life, liberty, or property."); Popoalli v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (to allege a violation of the Eighth Amendment, the inmate-plaintiff must show deliberate indifference, which is "more than negligence, more than even gross negligence . . . .") (citations omitted).  Moreover, Plaintiff has not alleged sufficient personal involvement of Defendant Roy for the purposes of a Section 1983 claim.  See Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982) ("Liability [under Section 1983] may be found only if there is personal involvement of the officer being sued.") (citation omitted); Rizzo v. Goode, 423 U.S. 362, 376-77 (1976).

Accordingly, based upon the Report and Recommendation of the Magistrate Judge, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Defendants Dr. Steven Klapmeier and Dr. Lisa Staber's Motion to Dismiss [Doc. No. 36] is **GRANTED**;

2. Defendant Dr. James Wichser's Motion to Dismiss [Doc. No. 40] is **GRANTED**;

3. Plaintiff's Motion for Legal Assistance [Doc. No. 57] is **DENIED**;

4. Plaintiff's Motion for Subpoena [Doc. No. 58] is **DENIED**;

5. Defendants Commissioner Tom Roy and Officer Nate Drevlow's Motion for Judgment on the Pleadings [Doc. No. 17] is **GRANTED** for the reasons stated above; and

      6.      This case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 26, 2015        <u>s/ Michael J. Davis</u>
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court