# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

COURTNEY BERNARD CLARK,

    Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                                  Civil File No. 13-2849 (MJD/HB)

COMMISSIONER TOM ROY, et al.,

    Defendants.

Courtney Bernard Clark, pro se.

Margaret E. Jacot and Kelly S. Kemp, Minnesota Attorney General's Office, Counsel for Defendants Commissioner Tom Roy and Officer Nate Drevlow.

Andrea Pavelka Hoversten, Geraghty, O'Loughlin & Kenney, PA, Counsel for Defendants Dr. Lisa Staber and Dr. Steven Klapmeier.

James S. McAlpine and Steven R. Schwegman, Quinlivan & Hughes, PA, Counsel for Defendant Dr. James Wichser.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer dated November 10, 2014.  Plaintiff Courtney Bernard Clark filed Objections to the Report and Recommendation.  [Docket Nos. 75, 79]

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts in part the Report and Recommendation of United States Magistrate Judge Bowbeer. The Court declines to adopt the conclusion in Section III(A)(2) that Plaintiff has failed to allege claims against Defendants Tom Roy and Nate Drevlow in their individual capacities; however, the Court does adopt the conclusion in Section III(A)(2) that Plaintiff has failed to state a claim against Roy or Drevlow in their official capacities. Additionally, to the extent that Plaintiff has alleged new facts in his Objections to the Report and Recommendation, the Court has considered the Objections as a motion for leave to amend the complaint. See <u>Thornton v. Phillips County, Ark.</u>, 240 F.3d 728, 729 (8th Cir. 2001).

## I.  Allegations Against Staber, Klapmeier, and Wichser

The Court adopts the Report and Recommendation's analysis of the Eighth Amendment claims against Lisa Staber, Steven Klapmeier, and James Wichser, Section III(B)(1) through Section III(B)(2). Additionally, to the extent that Plaintiff has alleged new facts in his Objections to the Report and Recommendation, the Court has considered the Objections as a motion for leave to amend the complaint; however, Plaintiff has failed to allege any new facts that

would alter the analysis in the Report and Recommendation. The Court concludes that these Defendants are entitled to judgment on the pleadings on the claims against them.

## II.   Individual Capacity Allegations Against Roy and Drevlow

Under § 1983, litigants seeking to sue defendants in an individual capacity must indicate their intention to do so in the complaint, to "guarantee[] that the defendant receives prompt notice of his or her potential personal liability." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Because Plaintiff is a pro se litigant, the Court must construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that pro se pleadings, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers"); In re Cook, 928 F.2d 262, 263 (8th Cir. 1991). While the Amended Complaint does not indicate whether Plaintiff is suing Defendants in an individual or official capacity, Plaintiff filed as an exhibit to the original Complaint [Docket No. 1] a "Request for Relief" which, after articulating the relief sought by Plaintiff, states: "8. All in there [sic] individual capacity." [Docket No. 1-2]  This express statement provides unambiguous notice that Plaintiff intended to sue Defendants in their individual capacities. After the Magistrate Judge ordered Plaintiff to amend the Complaint to identify the alleged violation of Plaintiff's

constitutional rights [Docket No. 5], Plaintiff filed the Amended Complaint, but failed to re-allege that the Defendants were being sued in their individual capacities.  Despite this technical omission, however, Defendants were on sufficient notice from the Complaint that Plaintiff's claims were against the Defendants in their individual capacities.  Construing Plaintiff's pleadings liberally, the Court holds that Plaintiff adequately alleged claims against Defendants Roy and Drevlow in their individual capacities.

### III.     Allegations Against Roy

The Amended Complaint is devoid of allegations that Defendant Roy deprived Plaintiff of any federal constitutional right.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") (citations omitted).  To the extent Plaintiff asserts a claim under the Eighth or Fourteenth Amendment, the Amended Complaint alleges, at best, a claim for negligence, and not the "deliberate indifference" or intentional conduct required.  See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th

Cir. 2008) (noting that to allege a violation of the Eighth Amendment, the inmate-plaintiff must show deliberate indifference, which is "more than negligence, more than even gross negligence . . . .") (citations omitted).

Moreover, Plaintiff has not alleged sufficient personal involvement of Roy for the purposes of a § 1983 claim.  See Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982) ("Liability [under § 1983] may be found only if there is personal involvement of the officer being sued.") (citation omitted).  Merely serving as Commissioner of the Department of Corrections and viewing the potholes does not give rise to a cognizable claim under § 1983.  See, e.g., Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993) (holding director of Arkansas Department of Correction not liable for allegedly unsafe inmate work conditions based on his position as director and periodic visits to the worksite).  Finally, Plaintiff has failed to allege any new facts in his Objections that would alter the Court's analysis of the claims against Roy.  Therefore, the Court grants Roy's motion for judgment on the pleadings and dismisses the claims against him.

IV.   **Allegations Against Drevlow**

> The Eighth Amendment standard for conditions of confinement is whether the defendants acted with deliberate indifference.  A prison official is deliberately indifferent if he knows of and disregards a substantial risk of serious harm to an inmate.  There is both an objective component and a subjective component to

5

> a claim of deliberate indifference . . . : (1) whether a substantial risk to the inmate's safety existed, and (2) whether the officer had knowledge of the substantial risk to the inmate's safety but nevertheless disregarded it. The subjective component requires that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he must also draw the inference. [D]eliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk.

Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted).

The Court holds that, as currently pled, the Amended Complaint fails to state a cognizable claim against Drevlow because there are no facts pled to support an allegation that Drevlow was anything more than negligent when he ran Plaintiff's wheelchair into a pothole. However, in Plaintiff's Objections, he newly asserts that Drevlow "intentionally push[ed] Plaintiff in that huge pothole" (Obj. at 5) and that "Drevlow with evil intent, ill will, reckless an[d] callous indiffer[e]nce" pushed Plaintiff into the biggest pothole (id. at 6) and then deliberately left him sprawled on the ground. Interpreting these Objections as a request to amend the Amended Complaint, the Court grants the motion to amend and concludes that Plaintiff has stated a § 1983 Eighth Amendment claim against Drevlow for intentionally pushing Plaintiff into the pothole and out of his wheelchair on April 26, 2013.

6

## V. State Law Claims

The Court has dismissed all federal claims against all Defendants, with the exception of the § 1983 Eighth Amendment deliberate indifference claim against Defendant Drevlow based solely on the April 26, 2013 pothole incident. No federal claims remain against Defendants Roy, Staber, Klapmeier, and Wichser, and the Court declines to exercise supplemental jurisdiction over any remaining state law claims against these Defendants. See Jenkins v. Cnty. of Hennepin, Minn., Civ. No. 06–3625, 2007 WL 2287840, at *8 (D. Minn. Aug. 3, 2007) ("When a district court dismisses a claim over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over state-law claims that are related to that federal claim."). See also Geiger v. Minnesota Dept. of Human Servs., Civil No. 14–1576 (JRT/LIB), 2015 WL 321437, at *11 (D. Minn. Jan. 26, 2015). Plaintiff does not allege any state law claims against Drevlow, and the state law claims against the other Defendants, which appear to be medical malpractice and defamation claims, would substantially predominate over the sole remaining federal claim against Drevlow. Exercising supplemental jurisdiction over the state law claims against the non-Drevlow Defendants would result in the Court rendering "needless decisions of state law." ACLU v. City of

Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999), quoted in Jenkins, 2007 WL 2287840, at *8.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS IN PART** and **MODIFIES IN PART** the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer dated November 10, 2014 [Docket No. 70] as set forth above.

2. Defendants Dr. Steven Klapmeier and Dr. Lisa Staber's Motion to Dismiss [Docket No. 36] is **GRANTED**.

3. Defendant Dr. James Wichser's Motion to Dismiss [Docket No. 40] is **GRANTED**.

4. Plaintiff's Motion for Legal Assistance [Docket No. 57] is **DENIED**.

5. Plaintiff's Motion for Subpoena [Docket No. 58] is **DENIED**.

6. Defendants Commissioner Tom Roy and Officer Nate Drevlow's Motion for Judgment on the Pleadings [Doc. No. 17] is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff's § 1983 Eighth Amendment claim against Drevlow in his individual capacity based on the April 26, 2013 incident **REMAINS**; all other claims against Drevlow are **DISMISSED**; and all claims against Roy are **DISMISSED**.

Dated:  March 13, 2015               s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court