UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>       Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy, Officer Nate Drevlow, Dr. Lisa Staber, Dr. Steven Klapmeier, and Dr. James Wischer,<br><br>       Defendants. | Case No. 13-cv-2849 (MJD/HB)<br><br>**REPORT AND RECOMMENDATION** |

Courtney Bernard Clark, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, pro se.

Margaret E. Jacot, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101, for Commissioner Tom Roy and Officer Nate Drevlow; Andrea Pavelka Hoversten, Geraghty, O'Loughlin & Kenney, PA, 55 East Fifth Street, Suite 1100, Saint Paul, MN 55101, for Dr. Lisa Staber and Dr. Steven Klapmeier; James S. McAlpine and Steven R. Schwegman, Quinlivan & Hughes, PA, P.O. Box 1008, Saint Cloud, MN 56302, for Dr. James Wischer.

HILDY BOWBEER, United States Magistrate Judge

      This matter is before the Court on Plaintiff Courtney Bernard Clark's self-styled Order to Show Cause for a Preliminary Injunction [Doc. No. 83], which the Court will assumes is intended as a motion and will refer to it as such. The motion was referred to the undersigned United States Magistrate Judge for the issuance of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends denying Plaintiff's motion.

Plaintiff is an inmate at the Minnesota Correctional Facility in Oak Park Heights, Minnesota. His current motion seeks an emergency order for medical care and surgery to remove "two golf ball size nodules" in his throat, and to address his breathing problems. (Pl.'s Order Show Cause at 1.) Plaintiff claims that his symptoms are being ignored, and that Tom Roy, Commissioner of the Minnesota Department of Corrections, and the staff members at Health Services are not helping him. (*Id.* at 1-2.)

Defendants Steven Klapmeier and Lisa Staber oppose Plaintiff's motion, arguing that Plaintiff's concerns appear to be unrelated to any medical issues alleged in the complaint; any claims against Dr. Klapmeier and Dr. Staber have been dismissed; and Dr. Klapmeier and Dr. Staber no longer provide medical services to inmates incarcerated by the Minnesota Department of Corrections. (Defs. Klapmeier & Staber Resp. Pl.'s Mot. Order Show Cause at 1 [Doc. No. 88].) Defendants Tom Roy and Nate Drevlow also oppose Plaintiff's motion, arguing that Plaintiff's current claims about his throat condition are not part of his lawsuit, and his medical claims have been dismissed. (Defs. Drevlow & Roy Mem. Opp'n at 5 [Doc. No. 90].) They further argue that the claims against Commissioner Roy have been dismissed, and that Officer Drevlow, the only remaining defendant, is a correctional officer who lacks authority to direct Plaintiff's medical care. (*Id.* at 4-5.)

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Consequently, the movant must establish "a relationship between the injury claimed in the party's motion

2

and the conduct asserted in the complaint." *Id.*

Plaintiff has not established a relationship between the medical condition and requested treatment that are the subject of his motion, and the claims in his amended complaint. Whereas the claims in the current motion concern the allegedly insufficient treatment for Plaintiff's throat nodules and breathing problems, the amended complaint concerns the hip and back injuries Plaintiff allegedly sustained from hitting a pothole while being pushed in his wheelchair, and Commissioner Roy's alleged failure to train corrections officers and maintain the roads on which the wheelchairs travel. (Am. Compl. at 6-7 [Doc. No. 7].) Therefore, the unrelated assertions in Plaintiff's motion cannot provide the basis for a preliminary injunction in this case.

Moreover, the only one of the Defendants originally named in this case who is identified in the current motion is Commissioner Roy. (Order Show Cause at 1, 3.) The claims against Commissioner Roy, however, were dismissed on March 13, 2015. (Mar. 13, 2015, Order at 8 [Doc. No. 82].) The current motion makes no assertions against any of the other named Defendants, including Officer Drevlow. Even if the statements in Plaintiff's motion were construed as a request to amend his complaint yet again, they still would not be sufficient to state a claim against Commissioner Roy, as Plaintiff has not alleged sufficient personal involvement of Commissioner Roy for the purposes of a § 1983 claim. See *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982) ("Liability [under § 1983] may be found only if there is personal involvement of the officer being sued.") (citation omitted). For this additional reason, the Court cannot consider Plaintiff's motion for a preliminary injunction.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Order to Show Cause for a Preliminary Injunction [Doc. No. 83] be **DENIED**.

Dated:  April 2, 2015                    s/ *Hildy Bowbeer*
                                         HILDY BOWBEER
                                         United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 21, 2015**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a *de novo* determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.