UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

COURTNEY BERNARD CLARK,

      Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 13-2849 (MJD/HB)

COMMISSIONER TOM ROY, et al.,

      Defendants.

Courtney Bernard Clark, pro se.

Andrea Pavelka Hoversten, Geraghty, O'Loughlin & Kenney, PA, Counsel for Defendants Dr. Lisa Staber and Dr. Steven Klapmeier.

James S. McAlpine, John A. Sullivan, and Steven R. Schwegman, Quinlivan & Hughes, PA, Counsel for Defendant Dr. James Wichser.

    This matter is before the Court on the Joint Motion of Dr. Steven Klapmeier, Dr. Lisa Staber and Dr. James Wichser for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).  [Docket No. 86]

    On March 13, 2015, this Court granted the motions to dismiss of Defendant Doctors Steven Klapmeier, Lisa Staber, and James Wichser (the "Medical Defendants").  [Docket No. 82]  The Court also dismissed all claims against

1

Defendant Commissioner Tom Roy, but denied the motion to dismiss the § 1983 Eighth Amendment claim against Defendant Officer Nate Drevlow in his individual capacity based on the April 26, 2013 incident.  Because one claim remained, the Complaint was not entirely dismissed and no judgment was entered.

The Medical Defendants now request that the Court enter final judgment in their favor.  They assert that there is no just reason for delay because the claim remaining before the Court is separate and distinct from the claims asserted against the Medical Defendants and future proceedings in this case will not affect the claims against the Medical Defendants.  Plaintiff Courtney Bernard Clark opposes the Medical Defendants' motion.

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"When deciding whether to certify a ruling as a final judgment under Rule 54(b), a district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 774 (8th Cir. 2009) (citation omitted). Here, the Court has dismissed all claims against the Medical Defendants for failure to state a claim upon which relief may be granted, and these claims are factually distinct from the single claim against the remaining Defendant Drevlow. However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims, and the district court must determine that there is no just reason for delay." Id. (citation omitted). "Before certifying that 'there is no just reason for delay' under Rule 54(b), the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." Clos v. Corr. Corp. of Am., 597 F.3d 925, 928 (8th Cir. 2010) (citation omitted).

Here, the Medical Defendants, not Plaintiff, seek judgment under Rule 54(b). There is no indication that the Medical Defendants desire immediate appellate review. They point to no "danger of hardship or injustice through delay which would be alleviated by immediate appeal." Huggins, 566 F.3d at 774 (citation omitted). The Eighth Circuit has "repeatedly stated that Rule 54(b) certifications should neither be granted routinely nor as an accommodation to counsel." Id. (citation omitted). The Medical Defendants have provided no explanation for why this case is different from the many other cases in which the Court has dismissed all claims against some but not all defendants, such that final judgment and potential appellate review cannot wait until this entire matter is concluded. The parties have provided no equitable or administrative justification for entering partial judgment. Based on a review of the record and the parties' briefs, the Court concludes that there is insufficient reason to enter judgment under Rule 54(b).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

The Joint Motion of Dr. Steven Klapmeier, Dr. Lisa Staber and Dr. James Wichser for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [Docket No. 86] is **DENIED**.

Dated:  June 24, 2015                    s/ Michael J. Davis
                                                                    Michael J. Davis
                                                                    Chief Judge
                                                                    United States District Court