# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy et al.,<br><br>  Defendants. | Case No. 13-cv-2849 (SRN/HB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Courtney Bernard Clark, Minnesota Correctional Facility–Moose Lake, 1000 Lake Shore Drive, Moose Lake, Minnesota 55767, pro se.

Timothy S. Christensen, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, Minnesota 55101, for Defendant Officer Nate Drevlow.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Courtney Bernard Clark's Objections [Doc. No. 194] to United States Magistrate Judge Hildy Bowbeer's Corrected Report and Recommendation ("R&R"), dated November 9, 2016 [Doc. No. 193]. The magistrate judge recommended that the Court grant Defendant Officer Nate Drevlow's Motion for Summary Judgment [Doc. No. 160], and dismiss with prejudice Clark's Eighth Amendment claim against Drevlow.

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that de novo review, and for the reasons set forth below, the Court overrules Clark's objections and adopts the R&R in its entirety.

## II.     BACKGROUND

The procedural and factual underpinnings of this matter have been thoroughly and accurately documented in the Background section of the R&R, which the Court incorporates herein by reference. To avoid unnecessary repetition, the Court recites only those facts necessary to inform its discussion of the merits of Clark's objections. Briefly stated, this matter arises from an unfortunate incident in the early morning of April 26, 2013. Clark alleges that Drevlow, who was pushing Clark's wheelchair across the grounds of Minnesota Correctional Facility–Faribault ("MCF–Faribault"), intentionally pushed the wheelchair into a "huge pothole," causing Clark to "fl[y] out of [the] chair" and suffer various injuries to his back and hip. (Am Compl. [Doc. No. 7] at 4, 7; Pl.'s Obj. [Doc. No. 79] ("Feb. 4, 2015 Obj.") at 5.) According to Clark, Drevlow then waited several minutes before calling for medical assistance. Clark later reported ongoing pain and discomfort resulting from the incident. (Am. Comp. at 7.) As a result, Clark brought the present claim against Drevlow under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment.

On June 28, 2016, Drevlow moved for summary judgment as to Clark's claim.[1] In their various filings in support and opposition to the motion, the parties presented—

---

[1] The Court had previously denied Drevlow's motion for judgment on the pleadings. (*See* Mem. of Law & Order [Doc. No. 82] at 6 (Op. of Davis, J.).)

unsurprisingly—widely differing versions of the events surrounding the April 26, 2013 incident. Of particular relevance here, Drevlow submitted his own and various supporting affidavits indicating that he did not know Clark well, was not angry with him on the morning of the incident, did not know of the presence of the pothole that upended Clark, and received no warnings from Clark to watch for any potholes. (*See* Drevlow Aff. [Doc. No. 164] ¶¶ 9, 12.) Documentary evidence provided by Drevlow further indicates that he swiftly called for medical assistance to check Clark for injury and to assist in putting Clark back in his wheelchair, and that Clark repeatedly stated that he was fine after the incident. (*Id.* at ¶¶ 6, 7, Ex. A; Math Aff. [Doc. No. 163] ¶ 2.) Drevlow does admit, however, that he knew the surface upon which he was pushing Clark was "pockmarked," and that he could not see over the top of Clark in order to examine the roadway ahead of them. (Drevlow Aff. ¶ 5.) All in all, Drevlow denies any intent to harm Clark and presents the incident as an unfortunate accident. (*Id.* at ¶¶ 2, 5, 7.)

Clark did not submit any sworn testimony or other admissible evidence in opposition to Drevlow's motion. However, the magistrate judge was able to gather his version of events through consideration of his responsive memoranda and unsworn answers to interrogatories. (*See generally* Pl.'s Resp. to Interrogs. [Doc. No. 146]; Pl.'s Resp. in Opp'n to Mot. for Summ. J. [Doc. No. 175]; Pl.'s Second Resp. in Opp'n to Mot. for Summ. J. [Doc. No. 189].) Clark's statements differ from those submitted by Drevlow in a number of ways, the materiality of which will be discussed below. In addition to those allegations previously listed in his pleadings, Clark essentially states that the poor condition of the grounds was common knowledge, that Drevlow had

3

previously received notice of various whistleblowing activities on Clark's part leading to "automatic hatred" of Clark, that a safer way across the grounds existed, and that Drevlow increased the speed at which he was pushing Clark after being warned of the presence of potholes. (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 2, 4.)

After reviewing the submissions of the parties and holding a hearing, the magistrate judge recommended that this Court grant Drevlow's motion on two independent grounds. First, Judge Bowbeer observed that Clark had failed to support his opposition with admissible evidence, as required by Rule 56(c) of the Federal Rules of Civil Procedure. (R&R at 9-10.) Second, she concluded that even if the allegations contained in Clark's memoranda and unsworn answers to interrogatories were considered by the Court, "they would not be sufficient to create a genuine issue of material fact" such that summary judgment would be unwarranted. (*Id.* at 10-11.)

Clark timely objected to the R&R, triggering this de novo review of the matter.

### III.   DISCUSSION

#### A.   Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it may affect the outcome of the lawsuit. *TFC Nat'l Bank v. Market Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). Likewise, an issue of material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The moving party bears the burden of establishing a

lack of genuine issue of fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the Court must view the evidence and any reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In responding to a motion for summary judgment, the party with the ultimate burden of proof must submit and cite specific evidence in support of its claims. *Ince v. Aetna Health Mgmt., Inc.*, 173 F.3d 672, 677 (8th Cir. 1999). Mere allegations or denials will not suffice, nor will the court "mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments." *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010); *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006). Instead, "summary judgment is . . . [the] moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *TCF Nat'l Bank*, 812 F.3d at 707 (quotation and citation omitted). Although pro se plaintiffs are entitled to a liberal construction of pleadings and other filings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they are not excused from the requirement to present admissible evidence in opposition to a motion for summary judgment. *See Bank v. Ludeman*, No. 08-cv-5792 (MJD/JJK), 2010 WL 4822888, at *1 (D. Minn. Nov. 22, 2010).

### B. Plaintiff's Failure to Properly Support His Opposition to Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party must generally support its opposition to summary judgment by "citing to particular parts of

materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).  Because Clark submits no other form of evidence to support his opposition than his own allegations, the Rule requires that—if it is to be considered—his testimony be produced in the form of an affidavit or declaration. *Id.* at 56(c)(4).

Although the Rule no longer requires a formal affidavit, "an unsworn declaration or statement substituted for a sworn affidavit must still meet important statutory requirements."  *Banks v. John Deere & Co.*, 829 F.3d 661, 668 (8th Cir. 2016).  In particular, pursuant to 28 U.S.C. § 1746, an unsworn declaration or statement must be written, signed, dated, and certified as true and correct "under penalty of perjury."  Courts have repeatedly made clear that pro se parties are not entitled to a "pass" on this important procedural requirement.  *See, e.g.*, *Risdal v. Nixon*, 589 F. App'x 801, 803 (8th Cir. 2014) (declaring that because a pro se plaintiff's "unsworn . . . statements were not properly submitted under Federal Rule of Civil Procedure 56(c)," the district court "erred, as a matter of law, in relying on those statements in denying the motion for summary judgment"); *Banks*, 2010 WL 4822888, at *1 ("The pleadings of a pro se individual are to be liberally construed.  Plaintiff must nonetheless present evidence to defeat the Defendants' summary judgment motion.  Plaintiff's unsworn objections are not evidence which this Court can consider.").

Likewise, although Clark did submit answers to interrogatories setting forth his account of the facts, he did not attest to them under oath.  *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must . . . be answered separately and fully in writing *under oath*.") (emphasis added).  Accordingly, the magistrate judge was correct to conclude that under

6

the plain letter of the law Clark has failed to submit *any* evidence sufficient to create a fact issue for purposes of opposing summary judgment. On this basis alone, the Court would be justified in affirming the R&R. *See Risdal*, 589 F. App'x at 803.

### C.     Plaintiff's Failure to Establish a Genuine Issue of Material Fact

Clark's failure to submit admissible evidence in opposition to Drevlow's motion constitutes an independent and sufficient basis for granting summary judgment here. Nonetheless, for the sake of completeness the Court will consider—as the magistrate judge did—Clark's allegations to determine whether they suffice to create a genuine issue of material fact. For the reasons that follow, the Court agrees with Judge Bowbeer that they do not.

As previously noted, Clark's § 1983 claim against Drevlow rests upon the Eighth Amendment, which prohibits the infliction of cruel and unusual punishments on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). In order to make out an Eighth Amendment violation, "the offending conduct must be *wanton*." *Id.* at 302 (emphasis original). Where, as here, the plaintiff claims deficiencies in the conditions of his confinement or medical care, his burden is to show that the defendant acted with "deliberate indifference." *Id.* at 303. This standard encompasses both an objective and a subjective component. *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

Under the objective inquiry, the plaintiff must demonstrate that a substantial risk to his health or safety existed. *Nelson v. Correctional Med. Servs.*, 583 F.3d 522, 529 (8th Cir. 2009) (en banc). The parties do not dispute—for purposes of this motion—that Clark has surmounted this hurdle. (Def.'s Mem. in Supp. of Mot. for Summ. J. [Doc. No.

161] ("Def.'s Mem.") at 7.)  Thus, as the magistrate judge properly recognized, the issue before the Court is whether Clark can meet the subjective component of the deliberate indifference inquiry.  (R&R at 11.)  To do so, he must show that Drevlow not only had knowledge of the substantial risk to Clark's safety, but chose to disregard that risk.  *Nelson*, 583 F.3d at 529.  Thus, the "subjective component requires that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he must also draw the inference."  *Davis v. Oregon Cty.*, 607 F.3d 543, 548-49 (8th Cir. 2010) (quotation and citation omitted).  Negligence alone does not suffice—there must be proof of a "reckless disregard" of the known risk.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

The magistrate judge noted that Clark's filings reveal six facts that—in Clark's view—establish Drevlow's deliberate indifference: (1) Clark warned Drevlow about potholes on the road; (2) Drevlow was previously aware of the potholes from his job duties; (3) Drevlow was aware of a safer route across the grounds of MCF–Faribault; (4) Drevlow had pre-existing animosity towards Clark based on Clark's whistleblowing activities; (5) Drevlow said things to Clark while pushing Clark's wheelchair that made Clark feel as if Drevlow was acting with ill will; and (6) Drevlow made no initial effort to help Clark after the accident.  (R&R at 12.)  However, Judge Bowbeer further noted, after careful review, that Clark's facts were either based on conclusory allegations, or failed to establish that Drevlow's actions went beyond negligence.  Because subjective deliberate indifference mandates a higher threshold, the magistrate judge concluded that summary judgment was appropriate.

The Court agrees. While it is unnecessary to replicate Judge Bowbeer's detailed analysis of the facts adduced by Clark's responsive memoranda or answers to interrogatories, certain limited examples illustrate the deficiencies in his arguments. Clark contends, for instance, that he warned Drevlow that the grounds over which they had to travel were potholed, and that Drevlow responded to this warning by pushing Clark even faster. Drevlow denies these claims. Even taking Clark's version of events as true, however, nothing in the record suggests that Drevlow knew of a substantial likelihood that a pothole lay directly in front of Clark's wheelchair, that he knew any pothole was likely to cause injury to Clark, or that he sped up for any reckless or nefarious purpose. Indeed, given Drevlow's undisputed statement in his affidavit that he could not see over Clark to the roadway ahead,[2] it is difficult to credit *any* statement that suggests Drevlow could possibly have known of a pothole in their path, or intentionally steered the wheelchair into it. At most, Drevlow's actions suggest negligence. (*See* R&R at 13.) But negligence is not the test—recklessness is—and Clark's allegations are insufficient to lead a jury to that conclusion here.[3] *See Reynolds*, 636 F.3d at 979.

---

[2] Drevlow indicated in his affidavit that the combination of Clark's sitting on several pillows and his shorter stature made it impossible for him to see over Clark's head. (Drevlow Aff. ¶ 5.) Although Clark contends that he was not sitting on any pillows but rather a "ROHO air cushion," the undisputed fact remains that Clark was seated in an elevated position. (*See* Pl.'s Obj. at 3.)

[3] Clark raises approximately similar arguments in his Objections to the R&R, noting that it would be "unsafe" to push a wheelchair if "you can't see in front of the patient." (Pl.'s Obj. at 3.) As the Court has noted, such actions may well have been negligent, but without some evidence that Drevlow *knew* of a substantial risk caused by his actions and then disregarded that risk, they do not rise to the level of recklessness required. *See Davis*, 607 F.3d at 548-49 (noting that the deliberate indifference analysis requires that the official be "both aware of facts from which the inference could be drawn that a

Similarly, Clark alleges that "the word was alread[y] out" that he had previously engaged in whistleblowing activities, and that this led to Drevlow's "automatic hatred" of him. (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 4.) The implication, presumably, is that Drevlow had motivation to push Clark into a pothole as revenge for Clark's actions. But Clark presents no evidence to support his theory besides his own unsubstantiated, conclusory allegations. Although he indicates that Drevlow "express[ed] his feelings" to Clark, he does not indicate what was actually said, or when. Likewise, although Clark alleges that a safer route existed to cross the grounds of MCF–Faribault than the one taken, and that Drevlow was aware of this route, he points to no evidence specifying what this route would be, that it was actually safer than the route Drevlow chose, or how he knew that Drevlow knew of this route. To survive summary judgment requires more than a party's "say so" that such things are true, and Clark's filings do not rise above that level.[4]

Clark's other allegations contain similar deficiencies, as the magistrate judge correctly noted, and his objections do not shake the Court's conviction that summary judgment is warranted here.[5] Because Clark has failed to submit admissible evidence

---

substantial risk of serious harm existed, and [actually] draw that inference").

[4] In his Objections to the R&R, Clark alleges that while pushing Clark's wheelchair, Drevlow "stated I heard all about you causing trouble [and] calling the media . . . ." (Pl.'s Obj. at 2.) This allegation was not previously raised before the magistrate judge, however, nor is it presented in the form of admissible evidence for purposes of Rule 56(c). Accordingly, it will not be considered here. *See, e.g.*, *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004); *Nunn v. Hammer*, No. 16-cv-2693 (SRN/HB), 2016 WL 5477072, at *3 (D. Minn. Sept. 28, 2016).

[5] Because the Court concludes that Clark has not shown a dispute of material fact as to his Eighth Amendment claim, it agrees with the magistrate judge that Clark is

CASE 0:13-cv-02849-SRN-HB Document 197 Filed 12/23/16 Page 11 of 11

sufficient to raise a genuine issue of material fact as to whether Drevlow acted with deliberate indifference, this action must be dismissed.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's November 9, 2016 Corrected Report and Recommendation [Doc. No. 193] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation;

3. Defendant's Motion for Summary Judgment [Doc. No. 160] is **GRANTED**; and

4. Plaintiff's Eighth Amendment claim against Defendant [Doc. No. 7] is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 23, 2016
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

alternatively entitled to summary judgment on the basis of qualified immunity. *See Nelson*, 583 F.3d at 527 ("Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

11